# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   07-10044 |
| | ) | |
| COREY L. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

On February 3, 2012, and March 12, 2012, Defendant Corey L. Johnson filed a *pro se* paper which he labeled as a "Motion of Inquiry" (Docs. 110 and 112) requesting a status report as to what action the Court has taken on a so-called "letter/motion" he filed *pro se* on July 17, 2008, advising the Court of material perjury committed during the trial by the government's most significant witness, Ty Johnson, and requesting the Court to "investigate and grant [him] a new trial."

Accepting the letter/motion as a *pro se* motion by Defendant for a new trial, the motion is denied for the following reasons.

On April 2, 2008, Defendant was convicted by a jury of a drug offense, and on July 18, 2008, Defendant was sentenced to prison for a term of life, ten years supervised release, and a $100 mandatory special assessment. On April 9, 2008, Defendant's trial attorney, Jerry Seritella, filed a Motion for a New Trial for Defendant (Doc. 64), which was denied on April 9, 2008. On July 18, 2008, post sentencing but before judgment was entered on July 21, 2008, Defendant filed a Notice of Appeal which became effective on July 21, 2008, pursuant to Rule 4(b)(2)

of the Federal Rules of Appellate Procedure. Defendant's conviction and sentence was affirmed by the Court of Appeals on September 3, 2009. (Doc. 103).

Motions for new trials are governed by Rule 30 of the Federal Rules of Criminal Procedure, which provides that "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within fourteen (14) days after the verdict or finding of guilty." The motion for a new trial was timely filed on Defendant's behalf by his counsel, Jerry Seritella, on April 9, 2008, as allowed by Rule 30, considered by the Court, and denied on April 9, 2008.

Defendant's subsequent *pro se* letter/motion for a new trial, which was filed on July 17, 2008, was not timely filed under Rule 30, even if it were proper for the Court to consider a *pro se* motion by a party who is represented by counsel, which it is not. *See United States v. Patterson*, 576 F.3d 431, 436-37 (7th Cir. 2009) (allowing defendants to file *pro se* briefs when represented by counsel is disfavored); *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998) ("A defendant does not have an affirmative right to submit a *pro se* brief when represented by counsel."). Therefore for both of those reasons, Defendant's letter/motion was beyond the Court's consideration and did not warrant the Court's consideration and was treated as if never filed, and it should have been stricken to clearly communicate that it did not warrant consideration by the Court.

The above explanation satisfies Defendant's motions of inquiry. CASE

TERMINATED.


Entered this  14th  day of March, 2012.


s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge